**HARIRI LAW GROUP**
RAMIN R. HARIRI (SBN: 251625)
402 West Broadway, Suite 22
San Diego, CA 92101
Tel: (619) 363-2889
Fax: (619) 810-0791
Email: ramin@haririlaw.com

**KHASHAYAR LAW GROUP**
Daryoosh Khashayar, Esq. (SBN 236496)
Taylor Marks, Esq. (SBN 308381)
12636 High Bluff Dr., Ste. 400
San Diego, California 92130
Phone: (858) 509-1550
Fax: (858) 509-1551
Email: daryoosh@mysdlawyers.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF KAHILA H. HEDAYATZADEH, on behalf of herself and a class of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DEL MAR; DOES 1-150, inclusive<br><br>Defendants. | CASE NO. **'19CV842  BEN BLM**<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, RESTITUTION AND DAMAGES UNDER THE FOURTH AMENDMENT (42 U.S.C § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Each day, each week and each month, citizens living in cities, counties and municipalities throughout the State of California receive parking tickets. These tickets are generally given to citizens lawfully.

However, the enforcement and operation of parking enforcement has been taken a *step further*, in actions that violate protections provided by the U.S. and California Constitutions –

-1-

specifically protections provided under the 4th Amendment of the United States Constitution and Article I, of the California State Constitution. Parking enforcement officers working on behalf of these cities, counties and municipalities, have in the past, and continue to do so, use tools to "mark" or "tag" vehicles of un-consenting citizens and without their knowledge, to ultimately determine whether a vehicle has been parked beyond the authorized permitted time and to issue government sanctions or fines on the owner of the vehicle.

In fact the marking or tagging of vehicles occur when the citizen is parked *legally*, meaning they have purchased a parking permit, or paid a meter, within the time limits allowed, and the parking permit or parking meter has yet to expire. Once the unconstitutional act is done, a ticket is issued demanding a penalty or fine to be paid.

No law allows these local governments or their parking enforcement officials to mark, touch, place or intrude on a private vehicle without the owner's consent, unless certain exceptions apply. Engaging in such conduct on a private vehicle without the consent, or a formal notice or warning is unconstitutional act done without a warrant under *United States v. Jones* 565 U.S. 400 (2012).

Local government entities engaging in these unconstitutional acts have collected enormous amounts of penalties and fines. In fact, these government entities have denied numerous parking ticket "appeals" and doubled, if not tripled fine amounts when the penalty or fine is not paid; all on the basis of violating a citizen's constitutional rights and without any legal authority to do so.

**PARTIES**

1.  Plaintiff KAHILA HEDAYATZADEH ("Plaintiff") was, at all relevant times, an individual residing in the State of California.

2.  Defendant CITY OF DEL MAR is now, and at all times mentioned in this Complaint, was a local government agency and subdivision of the State of California. Defendant CITY OF DEL MAR, through its agents the Mayor, City Council, City Attorney and Parking Enforcement, undertake to mark, tag and cite Plaintiff and Class members vehicle tires for parking violations.

3. Plaintiff is currently unaware of the true names and capacities of the defendants and/or parking enforcement officers sued in this action and therefore have named them by the fictitious names DOES 1 through 150, inclusive. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

4. Plaintiff is informed and believes and on that basis alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 150, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below. Defendants CITY OF DEL MAR and DOES 1 through 150, inclusive, are hereinafter collectively referred to as "Defendants".)

## JURISDICTION AND VENUE

5. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiff and Class member's rights under the Fourth Amendment to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District of California because Defendants reside in the District and all events given rise to Plaintiff and Class member's claims occurred in the District. The relief Plaintiff and Class member's seek is within this Court's power to grant.

## CLASS ALLEGATIONS

7. Plaintiff brings this action against Defendants on her own behalf and on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

8. The class is defined as individuals during the relevant statutorily-limited time period who were subject to the unconstitutional methodology of the placement of a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of thousands of parking tickets that resulted in damages to the individuals, through the territorial limits of the City of San Diego.

9. Plaintiff does not know the exact size or identities of the Class. However, the

number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

10. All members of the Class are subject to Defendants' policies and practice in enforcing parking ordinances. The Class is united in its interests with respect to proof of Defendants' conduct, and the effects caused by Defendants' actions.

11. There are clear questions of law and fact raised by Plaintiff's claim common to, and typical of, those raised by the Class they seeks to represent.

12. Named Plaintiff is asserting claims typical of the claims of the entire class of affected persons described above and do not conflict with the interests of any other members of the Classes. Named Plaintiff and Class members have been injured by the same wrongful policies, practices, and conduct of Defendants. Named Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class members and are based on the same legal theories.

13. Named Plaintiff will fairly and adequately represent the interests of the Class, and they have no interests antagonistic to the Class. Named Plaintiffs have retained lawyers who are competent and experienced.

14. A class action is preferable and superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment will permit the adjudication of claims by many Class members who could not afford to individually litigate their claims or vindicate their rights against the government. There are no difficulties likely to be encountered in the management of this case that might preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this matter.

15. Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for class certification and/or with the result of discovery.

## GENERAL ALLEGATIONS

16. Plaintiff KAHILA HEDAYATZADEH owns or has owned a vehicle registered with California.

17. Plaintiff KAHILA HEDAYATZADEH received numerous parking tickets over the course of the past two years for allegedly exceeding the time limit of a parking spots in Del Mar.

18. The citation numbers are unknown at this time. (The CITY OF DEL MAR's Parking Enforcement maintains the actual database for all tickets and fines issued and payments received from each and every owner of a ticketed vehicles).

19. These tickets were issued by parking officers employed or working for Defendant CITY OF DEL MAR.

20. Plaintiff KAHILA HEDAYATZADEH has witnessed parking officers mark vehicles with chalk.

21. On information and belief, Plaintiff KAHILA HEDAYATZADEH alleges that parking enforcement officials from Defendant CITY OF DEL MAR regularly and systematically use the placement of a chalk-like substance on one of the vehicles' four tires to surreptitiously obtain information to justify the issuance of numerous parking tickets throughout the territorial limits of the CITY OF DEL MAR.

22. On information and belief, Plaintiff KAHILA HEDAYATZADEH alleges it is the official custom and practice of Defendant CITY OF DEL MAR for its parking enforcement officials to use this methodology of placing a chalk mark on one of the four tires of vehicles to obtain information to justify the issuance of parking tickets throughout the territorial limits of the CITY OF DEL MAR.

/ / /
/ / /
/ / /
/ / /
/ / /

Hariri Law Group
402 West Broadway Floor 22
San Diego, CA 92101

# FIRST CAUSE OF ACTION
## FOURTH AMENDMENT VIOLATION – UNREASONABLE SEARCH

**[42 U.S.C. § 1983; Fourth Amendment]**

(AGAINST ALL DEFENDANTS)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 24, inclusive, above as though fully set forth herein.

24. Defendants and their employees and agents violated Plaintiff KAHILA HEDAYATZADEH and Class member's Fourth Amendment rights to be free from unreasonable search and seizure of their property by marking their vehicles with chalk for the purposes of law enforcement.

25. The surreptitious placement of chalk marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically violate private property to gather information as well as conducting non-overt surveillance on the movement or non-movements of vehicles constituted a violation of the Fourth Amendment.

26. The placement of chalk-like marks on private vehicles (without a valid warrant, consent of the owners, or exigent circumstances) undertaken to physically violate private property to gather information as well as conducting surveillance on the movement or non-movements of vehicles is a policy, custom, and/or practice of Defendant of CITY OF DEL MAR sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

27. Plaintiff KAHILA HEDAYATZADEH and Class members have experienced constitutional and monetary harm by the unconstitutional processes and procedures undertaken by a policy, custom, and/or practice of Defendants.

## INJUNCTIVE RELIEF

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 29, inclusive, above as though fully set forth herein.

29. A real and immediate difference exists between Plaintiff and Defendants regarding Plaintiff's rights and Defendants' duty owed to Plaintiff to not partake in unlawful and

unconstitutional searches. Defendants have also made clear that it intends to continue the practices described above, and have continued to do so. Unless restrained by this Court, Defendants will continue to implement these unlawful policies and practices.

30. Defendants' acts alleged above violate established constitutional rights of Plaintiff and Class members and Defendants could not reasonably have thought that the conduct of their agents and employees in illegally searching Plaintiff and Class members' property was lawful.

31. An actual controversy exists between Plaintiffs and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intend to continue to do so. Plaintiffs' claim that these acts are contrary to law and seek a declaration of their rights with regard to this controversy.

32. As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff and Class members have suffered and will continue to suffer damages.

## PRAYER

**WHEREFORE**, Plaintiffs' pray for judgment against Defendants, and each of them, as follows:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

2. For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States and California constitutions and the laws of California;

3. For damages in an amount according to proof;

4. For costs of suit and attorneys' fees provided by law;

5. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: May 3, 2019

HARIRI LAW GROUP
KHASHAYAR LAW GROUP

By:      /s/ Ramin Hariri
         Ramin R. Hariri
         Attorney for Plaintiffs

**Hariri Law Group**
**402 West Broadway Floor 22**
**San Diego, CA 92101**