```
                                        FILED
                                     JUL 23 2020
                              CLERK US DISTRICT COURT
                            SOUTHERN DISTRICT OF CALIFORNIA
                            BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHILA H. HEDAYATZADEH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DEL MAR,<br><br>Defendant. | Case No.: 19-cv-842-BEN (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**[ECF No. 19]** |

Plaintiff Kahlia H. Hedayatzadeh alleges Defendant City of Del Mar, California, violated her Fourth Amendment rights by applying chalk marks on the tire of her vehicle for the purpose of enforcing parking space time limits. Plaintiff seeks to certify a class of at least 5,500 people who have had their tires chalked and a subclass of at least 4,000 people who have allegedly paid parking tickets.[1] The motion is denied.

---

[1] It bears noting that this Court has yet to decide whether Plaintiff has stated a claim upon which relief can be granted. No motion has been filed challenging the cognizability of Plaintiff's claim, whether under Rule 12(b), Rule 12(c), or Rule 56 of the Federal Rules of Civil Procedure. It may be that one who parks in a public parking space impliedly consents to chalk marks. Or it may be that by paying a parking ticket and conceding the infraction, the bar applies from *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (when plaintiff seeks damages under § 1983, court considers whether a judgment in favor of

## I. FACTUAL BACKGROUND[2]

Plaintiff alleges that between May 3, 2017, and May 3, 2019, she received "at least one or two parking tickets" for exceeding the time limit on parking spots imposed in the City of Del Mar. P.'s Decl., ECF. No. 19-4, at ¶ 2-3. Plaintiff alleges Defendant regularly and systematically uses a process of "chalking," which consists of applying a small chalk mark to a car tire, to determine whether a car has over-stayed the parking spot time limit. Plaintiff alleges Defendant chalks vehicles without consent, in violation of the Fourth Amendment's prohibition on unreasonable searches and sezuires. Defendant admits it uses chalking to enforce parking regulations, Opp'n., ECF No. 20, at 2.

While Plaintiff alleges she received "at least one or two" parking tickets, she has "not yet been able to locate any copies of these tickets." P.'s Decl., ECF No. 19-4, ¶ 3. To this end, substantial discovery has already occurred. Specifically, Defendant has located and produced records for thousands of individuals cited during the applicable time frame. Despite this substantial discovery, there is no record Defendant's officers ever issued a ticket to Plaintiff, and no record Plaintiff ever paid a parking ticket to Defendant.

## II. Legal Standard

Federal Rule of Civil Procedure 23 governs federal class action lawsuits. A plaintiff seeking to certify a class must first meet all of the requirements under Rule 23(a)

---

plaintiff would necessarily imply the invalidity of his conviction; if it would, the complaint must be dismissed); *contra Verdun v. City of San Diego*, Case No. 19cv839-AJB. For purposes of addressing the motion to certify a class, the Court assumes without deciding that Plaintiff has stated a claim for relief.

[2] The Court here is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Plaintiff's Motion for Class Certification.

and must also satisfy at least one of the prongs of Rule 23(b). Under Rule 23(a), members of a class may sue as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). This determination is not made lightly, but is instead based on a "rigorous analysis that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). "[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to a rest on the certification question." *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id.* at 351.

If a plaintiff meets the Rule 23(a) requirements, a plaintiff must then present evidentiary proof that one of the prongs of Rule 23(b) has been satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Under Rule 23(b)(2), a court may certify a class where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief ... is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). A class may be certified under Rule 23(b)(3) if the court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The party seeking certification under Rule 23(b)(3) must also provide a "workable" class definition by showing that members of the class are identifiable. *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 576 (S.D. Cal. 2013) (citation omitted).

///

## III. Discussion

Plaintiff seeks to certify a class and a subclass under Rule 23(b)(2) and 23(b)(3), respectively. The class would be composed of drivers and car owners who had or will have chalk applied to their car tires. The subclass would be composed of those in the class who paid a parking ticket as a result of chalking. As noted above, for purposes of the certification motion, the Court is assuming without deciding that Plaintiff has stated a cognizable claim for relief.

### A. Standing

As a preliminary matter, Defendant challenges Plaintiff's standing to bring this claim. Standing requires a plaintiff to have suffered a "concrete and particularized" injury in fact, which is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To have standing, the alleged injury must also be "fairly traceable" to the defendant's conduct, and must be likely to be "redressed by a favorable decision." *Id.*; *see also Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 983 (9th Cir. 2007).

"In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 986 (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001)). At least one plaintiff must both meet the constitutional standing requirements and show that "he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "The plaintiff class bears the burden of showing that the Article III standing requirements are met." *Id.*; *see also Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010). While that burden increases at each stage throughout litigation, "at the pleading stage, general factual allegations of the injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561; *see also In re First Am. Corp. ERISA Litig.*, 258 F.R.D. 610, 617 (C.D. Cal. 2009) (finding allegations contained in the complaint sufficient to establish standing when ruling on a motion to certify the class).

Here, Defendant contends Plaintiff cannot show a concrete and particularized injury because she does not have evidence of tickets she was issued and Defendant is unable to locate any record indicating she was issued a citation. Opp'n., ECF No. 20, at 11. Plaintiff states while she has "not yet been able to locate any copies of these tickets," she specifically recalls "that the tickets reflected on their face that they were issued by parking officers working for the City," and recalls seeing chalk marks on her tire. P.'s Decl., ECF. No. 19-4, ¶ 3. Plaintiff also alleges she has "observed Del Mar officers marking vehicle tires with chalk, including the tires of vehicles [she] was driving when [she] received the tickets." *Id.*

At this stage, Plaintiff's Article III standing is tenuous. The Court recognizes its ongoing obligation to assess standing. *See Lujan*, 504 U.S. at 561. This is "not merely a pleading requirement[] but rather an indispensable part of the plaintiff's case...[and] each element must be supported...with the manner and degree of evidence required at the successfive stages of the litigation." *Id.* (citations omitted). However, the present motion is before the court based on the pleadings alone and not on a motion to dismiss or motion for summary judgment. Accordingly, the Court assumes without deciding Plaintiff has standing to assert her claim.

**B. Rule 23(a) Requirements**

Plaintiff must show that her proposed class satisfies the numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a).

### 1. Numerosity

Rule 23(a) requires "the class be so numerous that joinder of all members is impractical." Plaintiff alleges that numerosity is met because Defendant has produced documentation indicating that at least 5,500 parking tickets have been issued and at least 4,000 of those issued have been paid. Mot. for Class Cert., ECF. No. 19-1, at 13. Defendant disputes the overall size of the potential class, but does not dispute that joinder of these plaintiffs would be impractical and that numerosity is satisfied. Opp'n., ECF No. 20, at 2, n. 2. The Court agrees.

### 2. Commonality

Rule 23(a) further requires "questions of law or fact common to the class." Plaintiff alleges there is a common question of law with respect to whether chalking and ticketing constitutes a violation of class members' Fourth Amendment rights. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Defendant does not dispute Plaintiff's allegations would show commonality with the purported class. The Court agrees.

### 3. Typicality

Rule 23(a) requires "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff alleges that in this case, "[t]he claims of Plaintiff and the class are substantially identical" and "[t]he determination of liability will turn on the *same legal question*, and on the same simple and generalized proofs for each member." Mot. for Class Cert., ECF. No. 19-1, at 16 (emphasis added). Plaintiff points out that injuries may be typical "even if the amount of the injury is different from other class members, or if other class members suffered their injury at a different time." *Id.* (citing *In re Live Concert Antitrust Litigation*, 247 F.R.D. 98, 117 (S.D. Cal. 2007)). While this latter point may be correct, Plaintiff overlooks a significant issue in her own claim.

Plaintiff alleges she received parking tickets and that the citations were issued through chalking. She alleges she observed Defendant's officers marking vehicles with chalk, and that the tires on her car were chalked when she received tickets. Plaintiff even alleges she paid these parking tickets. However, Plaintiff also concedes that during the ten months between filing her complaint and filing the instant motion, she has "not yet been able to locate any copies of these tickets." P.'s Decl., ECF. No. 19-4, at ¶ 2.

The evidence, however, requires pause. Defendant has located and produced records for thousands of individuals cited during the applicable time frame. Opp'n., ECF

6

No. 20, at 5. These tickets were issued within the areas of the City of Del Mar where Defendant admittedly used the chalking procedure. *Id.* None of these records indicate a citation issued to Plaintiff. *Id.* None of these records indicate a payment made by Plaintiff to the City of Del Mar. *Id.* In other words, when the Court "probe[s] behind the pleadings" it cannot find any record support for Plaintiff's allegation that she actually received – or paid – a parking ticket. Thus the legal question of standing will be an important issue in Plaintiff's claim.

While the Court is mindful that typicality is a "permissive" standard, class certification may not be appropriate "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Hanon*, 976 F.2d at 508 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 903 F.2d 176, 180 (2d. Cir. 1990), *cert. denied*, 498 U.S. 1025 (1991)) (internal quotations omitted). Given the substantial discovery that has already occurred in this case and the continuing questions about Plaintiff's standing, the Court finds that this issue – unique to the purported class representative – "threatens to become the focus of the litigation." *Id.*

Accordingly, Plaintiff fails to satisfy the typicality requirement of Rule 23(a).

### 4. Adequacy of Representation

Rule 23(a) finally requires the class representative "fairly and adequately protect the interests of the class." This is a two-part test. First, Plaintiff must demonstrate that she is a part of the class and that there is no conflict of interest between her and the class members. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-626 (1997). The Ninth Circuit has restated this requirement to demand the Plaintiff be free from conflicts of interest with the unnamed class members such that she is able to prosecute the action vigorously on behalf of the class. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Court must also determine whether Plaintiff's counsel will adequately protect the interests of the class. *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1233 (9th Cir. 2007).

Defendant asserts that there are serious questions as to whether Plaintiff is actually part of the class she seeks to represent. Courts within the Ninth Circuit have denied class certification on adequacy grounds where arbitration clause defenses available against the unnamed class members were not available against the named plaintiff. *See Berman v. Freedom Financial Network, LLC*, 400 F.Supp.3d. 964, 986 (N.D. Cal. 2019) (declining to certify a class because named plaintiff was not subject to an arbitration clause to which unnamed members were subject). However, the Court is of the view that this argument lies more appropriately in the typicality requirement of Rule 23(a), which was addressed above.

Defendant also argues that Plaintiff's counsel do not have adequate experience to represent the purported class. The Court finds this is a garden variety class action claim and that Plaintiff's counsel are adequately equipped. Accordingly, the Court concludes that the adequacy requirement of Rule 23(a) is met.

**IV. Conclusion**

The Court finds that Plaintiff has not satisfied the typicality element required under Rule 23(a). Accordingly, it does not reach the question of whether Plaintiff's allegations satisfy one or more prongs of Rule 23(b). Assuming, without deciding, that Plaintiff has stated a claim upon which relief can be granted at this stage of the proceedings, the Motion for Class Certification is denied.

**IT IS SO ORDERED.**

Dated: July 20, 2020

Hon. Roger T. Benitez
United States District Judge