UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHILA H. HEDAYATZADEH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DEL MAR,<br><br>    Defendant. | Case No.: 19-cv-842-BEN (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO ADD ADDITIONAL CLASS PLAINTIFF**<br><br>**[ECF No. 30]** |

This matter comes before the Court on Plaintiff Kahlia H. Hedayatzadeh's ("Plaintiff") Motion Requesting Leave of Court to Amend the Class Action Complaint and Add an Additional Lead Plaintiff. ECF No. 30. For the reasons set forth below the motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff alleges Defendant City of Del Mar, California, violated her Fourth Amendment rights by applying chalk marks on the tire of her vehicle to enforcing parking space time limits. Compl., ECF No. 1, ¶ 24. Plaintiff alleged that between May 3, 2017, and May 3, 2019, she received "at least one or two parking tickets" for exceeding the time limit on parking spots imposed in the City of Del Mar. Pl.'s Decl., ECF. No. 19-4, ¶ 2-3. She further alleged Defendant regularly and systematically uses a process of "chalking," which consists of applying a small chalk mark to a car tire, to

determine whether a car has over-stayed the parking spot time limit.  Compl., ECF No. 1, ¶ 22-23.  Plaintiff alleged Defendant chalks vehicles without consent, purportedly violating the Fourth Amendment's prohibition on unreasonable searches and seizures.  *Id*. at ¶ 24.  Defendant admits it uses chalking to enforce parking regulations but denies that chalking violates the Fourth Amendment.  Opp'n., ECF No. 20, at 2.

While Plaintiff alleged she received "at least one or two" parking tickets, she has "not yet been able to locate any copies of these tickets."  Pl.'s Decl., ECF No. 19-4, ¶ 3.  To this end, substantial discovery has already occurred.  Opp'n, ECF No. 20, 2.  Defendant has located and produced records for thousands of individuals cited during the applicable time frame.  *Id*.  Defendant has likewise searched for and produced corresponding payment records for those thousands of citations.  *Id*.  Despite this substantial effort, there is no record Defendant ever issued a ticket to Plaintiff, and no record Plaintiff ever paid a parking ticket to Defendant.

Nonetheless, Plaintiff sought to certify a class of at least 5,500 people who have had their tires chalked and a subclass of at least 4,000 people who have allegedly paid parking tickets.  Mot., ECF No. 19, 6-13.  On July 23, 2020, the Court denied her motion for class certification.  Order, ECF No. 23.  The Court found that she did not meet the typicality requirement of Federal Rule of Civil Procedure 23(a) such that she would be a proper representative party because her standing in this case was so tenuous that it threatened to become the focal point of the litigation.  *Id*. at 7.  Based only on her pleadings, the Court agreed Plaintiff had *alleged* standing, but it also expressed serious doubt that Plaintiff would be able to prove her standing at later stages of litigation when the Court looked beyond the pleadings for evidence supporting her injury in fact.  *Id*.

Enter Kaveh Hedayatzadeh, Plaintiff's brother, who – only one month after the Court's order denying class certification – happened to receive a parking ticket from Defendant, allegedly based on Defendant's use of chalking on his car tire.  Mot., ECF No. 30, 2.  Kaveh Hedayatzadeh has a copy of his citation, which he allegedly paid.  Khashayar Decl., ECF No. 30-1, Ex. A.  Plaintiff asks the Court to grant her leave to

amend her Complaint, adding her brother as an additional representative plaintiff. *Id*. Defendant opposes, arguing (1) Plaintiff's lack of standing bars amendment, and (2) the factors set forth in *Foman v. Davis*, 371 U.S. 178 (1962), weigh against granting leave to amend.

## II.   LEGAL STANDARD

Once a defendant has answered, a plaintiff may only amend the complaint by leave of court, or with the written consent of the adverse party. Fed. R. Civ. P. 15(a). Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires." *Foman*, 371 U.S. at 182. "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin,* 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation marks and citation omitted). Generally, amendments adding claims are granted more freely than amendments adding parties. *Union Pacific R.R. Co. v. Nevada Power Co.,* 950 F.2d 1429, 1432 (9th Cir. 1991).

## III.   ANALYSIS

Plaintiff argues amendment is appropriate here because her brother, Kaveh Hedayatzadeh, actually has a record of his parking citation, alleviating the "typicality" issues that plagued Plaintiff's Motion for Class Certification. Mot., ECF No. 30, 6. She further argues her Motion to Amend (1) is made in good faith, (2) is timely following the Court's ruling on her Motion for Class Certification, (3) does not unduly prejudice Defendant, and (4) would not be futile. *Id*. at 6-9. Defendant opposes, arguing that Plaintiff's "lack of standing bars amendment," and that the four *Foman* factors described above counsel against granting leave to amend. Opp'n, ECF No. 31, 4-11.

### A.   Amendment cannot be made to cure lack of standing

Plaintiff's "typicality" argument is a guise that acknowledges her standing issues, and the Court has dealt with such matters before. *See Evenchik v. Avis Rent A Car Sys., LLC*, No. 12-cv-0061-BEN-DHB, 2013 WL 2301224 (S.D. Cal. May 24, 2013) (denying

leave to amend that sought to ward off a potential challenge to the named plaintiff's standing by adding another plaintiff).

Here, as in *Evenchik*, Plaintiff seeks to amend her Complaint "to correct the shortcoming identified by adding an additional Plaintiff." Mot., ECF No. 30, 2.  As in *Evenchik*, the "shortcoming identified" is the named Plaintiff's standing.  2013 WL 2301224, at *1.  The reasoning set forth in that case applies equally here:

> The Court is mindful of the liberality of Rule 15(a), yet it does not extend to cases where Plaintiff's only reason for seeking amendment is to cure a standing defect.  If Plaintiff Evenchik is without standing, then amendment would not be allowed, as a plaintiff "may not create jurisdiction by amendment when none exists." *Lans v. Gateway 2000, Inc.,* 84 F. Supp. 2d 112, 115 (D.D.C. 1999) *aff'd,* 252 F.3d 1320 (Fed. Cir. 2001) (citations and internal quotations omitted); *see also Almeida v. Google, Inc.,* No. C–08–02088 RMW, 2009 WL 3809808, at *2 (N.D. Cal. Nov. 13, 2009) ("[W]here the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal."); *In re Flash Memory Antitrust Litig.,* No. C 07–0086 SBA, 2010 U.S. Dist. LEXIS 66466, at *29–30 (N.D. Cal. Jun. 10, 2010) (a party with no standing to maintain an action has no standing to amend). Plaintiff contends that the amendment should be allowed because she has not admitted that she lacks standing and no court has determined that she lacks standing.  If the amendment were for another purpose, the Court might agree.  Here, though, Plaintiff's only reason for seeking amendment is to rectify a potential standing defect.  If Plaintiff has standing, as Plaintiff maintains, her justification disappears.  If she does not, then no amendment is permissible because a plaintiff may not retroactively create jurisdiction.  Under the circumstances, the Court is not persuaded that amendment would be proper. Plaintiff's motion is denied.

*Id*. at *2*.  Because Plaintiff's Motion for Leave to Amend is made solely to rectify a potential standing defect and amendment may not be used to retroactively create jurisdiction, the Motion is denied.

**B.     The *Foman* factors also disfavor amendment here**

Even if the Court considered the *Foman* factors, the result would be the same because the proposed amendment comes after unreasonable delay and would cause undue prejudice to Defendant.  *See* 371 U.S. at 182.

**1.     Unreasonable Delay**

Defendant first argues that unreasonable delay disfavors amendment.  Opp'n, ECF No. 31, 7-8.  Plaintiff argues her Motion closely follows the Court's denial of her Motion for Class Certification, and therefore, there is no undue delay.  Mot., ECF No. 30, 7.

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson*, 902 F.2d at 1388.  Though outside the class action context, the Ninth Circuit has "held that an eight-month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).  Moreover, "courts have denied amendment or intervention where the movant is simply seeking another chance at certification."  *Ho v. Ernst & Young LLP*, Case No. C-05-04867 RMW, 2012 WL 95342, at *3 (N.D. Cal. Jan. 11, 2012) (citing *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011) ("Intervention shouldn't be allowed just to give class action lawyers multiple bites at the certification apple, when they have chosen, as should have been obvious from the start, patently inappropriate candidates to be the class representatives.")).

Defendant argues that Plaintiff's standing issues were known as early as July 2019, when Defendant filed its answer citing standing as an affirmative defense.  Opp'n, ECF No. 30, 8.  By July 31, 2019, Defendant had searched its records and produced "a list of all citations issued to individuals with the last name Hedayatzadeh."  *Id*.  That search revealed only one citation, which was given to Kaveh Hedayatzadeh in 2004 and would be barred by the applicable statute of limitations.  *Id*. at 8-9.  Despite these early warning signs about Plaintiff's tenuous standing, Plaintiff pressed forward with her Motion for

Class Certification on February 27, 2020.  ECF No. 19.  In that filing, Plaintiff reaffirmed that she had *still* been unable to locate any record of receiving a chalking citation from Defendant.  Pl.'s Decl., ECF. No. 19-4, at ¶ 2-3.  The Court finds that the early and extensive discovery conducted by Defendant in July 2019 put Plaintiff on notice of her standing issues, which she chose not to address for over one year while awaiting the Court's action on her Motion for Class Certification.  To be sure, nothing prevented Plaintiff from seeking amendment prior to that date.  Instead, this appears to be merely an attempt to get "multiple bites at the certification apple."  *Randall*, 637 F.3d at 827.

Accordingly, Plaintiff's delay in filing her Motion for Leave to Amend is unreasonable here.

### 2. Undue Prejudice

Defendant also argues that granting the Motion would cause it undue prejudice.  Opp'n, ECF No. 31, 9-10.  In support, Defendant argues it has conducted extensive fact discovery related to Plaintiff's claims, and that adding Kaveh Hedayatzadeh "would result in [Defendant] having to respond to the amended complaint, assess the adequacy of his claims and any applicable affirmative defenses, and potentially file a dispositive motion with respect to his claims."  *Id*. at 10.  Plaintiff

"The question of prejudice is closely linked with analysis on undue delay; prejudice is generally found where the amendment would cause substantial delay in the proceedings."  *Bookhamer v. Sunbeam Products, Inc.*, Case No. C-09-6027-EMC, 2012 WL 6652414, at *5 (N.D. Cal. Dec. 20, 2012).  The Ninth Circuit has held that of the four *Foman* factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Undue prejudice may accrue where the defendant shows granting a motion to amend "would effectively moot the Plaintiff-specific work Defendants have done."  *Hitt v. Arizona Beverage Co., LLC*, Case No. 08-cv-809-WQH, 2009 WL 4261192, at *6 (Nov. 24, 2009).

As discussed above, the Court finds Plaintiff acted with unreasonable delay in

filing her Motion. *See*, *supra*, § III(B)(1). This delay occurred after Defendant located and produced "the names of thousands of individuals who received such citations within the applicable time frame." Opp'n to Class Cert., ECF No. 20, 2. Defendant also searched for and produced corresponding payment records for that applicable period. *Id*. Fact discovery is likewise nearing completion. Scheduling Order, ECF No. 29. By adding Kaveh Hedayatzadeh, the proposed substitution would amount to a new lawsuit and voluminous new discovery based on a citation allegedly issued more than fifteen months after the Complaint was filed. Mot., ECF No. 30, 2. *See also Gonzalez v. The Proctor & Gamble Co.*, Case No. 06-cv-869-H, 2006 WL 8455612, at *2 (Aug. 31, 2006) (denying motion to amend to substitute plaintiff where the proposed intervenor purchased allegedly deficient products two years after the original plaintiff and noting that the proposed intervenor was free to file her own suit). It would also "effectively moot the Plaintiff-specific work Defendants have done." *Hitt*, 2009 WL 4261192, at *6. Finally, amendment would needlessly consume Defendant's resources on procedural issues of recertification while avoiding the merits of Plaintiff's claims. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Accordingly, the Court finds Defendant would suffer undue prejudice from amendment.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. Plaintiff may pursue her claim on an individual basis and the proposed intervenor may file his own lawsuit should he so choose.

**IT IS SO ORDERED.**

Dated: December 29, 2020

Hon. Roger T. Benitez
United States District Judge